IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEMERE BEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 19-961 |
| | ) | Judge J. Nicholas Ranjan/ |
| C. GOMEZ, | ) | Magistrate Judge Maureen P. Kelly |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), filed by federal inmate, Gemere Bey ("Petitioner"), be *sua sponte* transferred pursuant to 28 U.S.C. § 1404, forthwith to the United States District Court for the Northern District of West Virginia as that is where Petitioner is housed and where his immediate custodian is located and where the events giving rise to this Petition took place.

**II. REPORT**

At the time of the signing of this Petition, i.e., July 28, 2019, Petitioner was being housed in the Federal Correctional Institution in Morgantown, West Virginia ("FCI-Morgantown"). In the Petition, he complained that on June 4, 2019, Petitioner was placed in administrative detention while awaiting a decision on a request from the FCI-Morgantown authorities for Petitioner to be reclassified to a higher custody level. A request for reclassification to a higher custody level was made by the FCI-Morgantown authorities apparently due to a detainer placed on Petitioner by the Court of Common Pleas of Allegheny County. ECF No. 1-1 at 1. The Request for the higher custody level was made to the Designations and Sentence Computation

Center, referred to Petitioner as the "DSCC". Id. at 2. The DSCC denied the request by the FCI-Morgantown authorities on July 25, 2019. Petitioner complains that notwithstanding the denial of the request by the DSCC, the FCI-Morgantown authorities are maintaining him in administrative detention despite the fact that the rationale for his being placed in administrative detention, i.e., awaiting the decision from the DSCC on a higher custody level, is no longer valid.

Petitioner notes that he wants to be released from administrative detention because he is scheduled to be released from the custody of the United States Bureau of Prisons ("BOP") as of August 23, 2019. ECF No. 1 at 6. The BOP Inmate Website Locator confirms this release date.[1] Petitioner asserts that his transition from prison to being at liberty will be made easier if he were to be released from administrative detention and back into general population.

The Court recommends that pursuant to 28 U.S.C. § 1404, this Petition be transferred forthwith to the United States District Court for the Northern District of West Virginia where FCI-Morgantown is located, which is where Petitioner's immediate custodian is located and where the events giving rise to this Petition occurred.[2] See, e.g., Lynch v. Garman, 3:17-CV-

---

[1] The BOP Inmate Locator Website is available at:

https://www.bop.gov/inmateloc/

(site last visited 8/15/2019).

[2] For present purposes, the Court need not resolve the potentially thorny issue of whether the Petition is properly brought as a habeas petition, compare Woodall v. Fed. BOP, 432 F. 3d 235 (3d Cir. 2005) with Ganim v. Fed. BOP, 235 F. App'x 882 (3d Cir. 2007), or as a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). If properly construed as a habeas petition, the immediate custodian rule of Rumsfeld v. Padilla 542 U.S. 426 (2004) would require transfer of this case to the Northern District of West Virginia as that is where Petitioner's immediate custodian is located. See, e.g., Mitchell v. Bledsoe, 06-624-DRH, 2010 WL 432268, at *2 (S.D. Ill. Feb. 2, 2010). Even if this case were properly construed as a civil rights action pursuant to Bivens, the general venue provisions of 28 U.S.C. § 1391(b) would apply and would counsel in favor of transferring this case to the Northern District of West Virginia as that is the "judicial district in which a substantial part of the events or omissions
(. . .footnote continued)

2

319, 2018 WL 4390730, at *1 (M.D. Pa. Sept. 14, 2018) ("it is well-settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). Because habeas proceedings are generally considered civil in nature, the term 'civil action' includes habeas petitions.") (some citations omitted). [3]

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the instant Petition be transferred forthwith to the United States District Court for the Northern District of West Virginia.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

---

giving rise to the claim occurred." 28 U.S.C. § 1391(b). In either event, transfer to the Northern District of West Virginia is appropriate.

[3] It is not lost on the Court that given the period for Objections to this Report, it may well be that when and if the transfer is actually effectuated, assuming adoption of the Report, the case may be rendered moot as Petitioner will have been released.

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: August 16, 2019					s/Maureen P. Kelly
							MAUREEN P. KELLY
							UNITED STATES MAGISTRATE JUDGE

cc:	The Honorable J. Nicholas Ranjan
	United States District Judge

	GEMERE BEY
	35701-068
	MORGANTOWN
	FEDERAL CORRECTIONAL INSTITUTION
	Inmate Mail/Parcels
	P.O. BOX 1000
	MORGANTOWN, WV 265

4